UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>STEVEN GRIMM, et al.,<br><br>Defendant(s). | Case No. 2:08-CR-64 JCM (GWF)<br><br>**ORDER** |

Presently before the court is the matter of *United States of America v. Grimm et al*, case number 2:08-cr-00064-JCM-GWF.

On July 5, 2017, the Ninth Circuit issued a memorandum order that, in relevant part, reversed the orders of forfeiture as to Steven Grimm and Eve Mazzarella. (ECF No. 680). The order notes that co-defendant Beecroft's order of forfeiture was vacated in a related appeal.[1] *Id.* Thereafter, Grimm filed an application for writ of certiorari to the Supreme Court. (ECF No. 687). On November 6, 2017, the Court denied Grimm's application. (ECF No. 688).

On January 8, 2018, the court ordered the parties to file a joint status report that included a proposed schedule on remand. (ECF No. 689). On January 26, 2018, the parties filed a joint status report. (ECF No. 690).

The parties' joint status report indicates that they will resolve this matter as quickly as possible. *Id.* However, as the government attorneys who prosecuted the case are no longer with the U.S. attorney's office, the government requires time to prepare its position on the issues before

---

[1] The parties' joint status report states that the Ninth Circuit filed a mandate as to co-defendant Melissa Beecroft on October 12, 2016. (ECF No. 690); *see United States of America v. Beecroft*, No. 12-10175, Doc. # 73. However, this mandate was never filed in the district court case.

**James C. Mahan**
**U.S. District Judge**

the court. *Id.* Counsel for the defendants also require time to try to settle the matter for each client prior to litigation. *Id.*

The parties propose a schedule as follows:[2]

- In the beginning of February, [counsel for defendant Grimm] and a LL USAO [representative] will meet to determine how many gigabytes will be needed for [counsel for defendant Beecroft's] receptacle so it will be there when the burning of evidence occurs.

- [Counsel for defendant Grimm] and the AUSA will meet to discuss the case and burn copies for the government and [counsel for defendant Beecroft]. . . .

- Each month as the records are processed, the AUSA will inform the attorneys how far his review has progressed and what documents he has determined to be used. At the same time, counsel for the defendants can be processing the records to determine what will address the *Honeycutt* issue and the Eighth Amendment issues so the data base of exhibits for this court can be built to inform and to assist this court in its decision on these two issues for each defendant.

- In August, 2018, - or before if the AUSA can process the evidence quickly enough, - the AUSA and counsel for each defendant will attempt to settle the *Honeycutt* issue and the Eighth Amendment issue, if needed. If the AUSA cannot meet the August, 2018 schedule because more time is needed to review and to organize the evidence, the government will request an extension of time.

- If a dollar amount cannot be resolved between the government and each defendant, the AUSA will prepare a motion for each defendant addressing the *Honeycutt* issue as it applies to that defendant's facts; in other words, AUSA will file three motions, one for each defendant, unless settlement occurs. AUSA will also file a motion for each defendant addressing the Eighth Amendment as it applies to that defendant's facts. Defendants will respond if the government files motions. The Government will file replies.

(ECF No. 690).

Based on the complexities presented by the case, the court will adopt the parties' proposed schedule.

Accordingly,

IT IS SO ORDERED.

DATED February 6, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[2] This schedule is taken from the parties' joint status report, with edits to clarify the parties' roles in the litigation. (ECF No. 690).

**James C. Mahan**
**U.S. District Judge**

- 2 -