JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States of America

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:08-CR-064-JCM-EJY |
| Plaintiff, | ) ) ) | **Stipulation for Entry of Order of Forfeiture as to Melissa Beecroft and Order** |
| v. | ) ) | |
| MELISSA R. BEECROFT, | ) ) | |
| Defendant. | ) | |

The United States of America, Melissa R. Beecroft (Beecroft), and her Counsel, Angela Dows, Corey Reade Dows & Shafer, agree as follows:

1. After the jury convicted Beecroft of Count 1, conspiracy to commit bank fraud, mail fraud, and wire fraud; Counts 10 and 11, mail fraud; and Counts 13 and 14, wire fraud, United States District Court Judge Hunt sentenced Beecroft to three years in prison, five year supervised release, restitution of $2,275,025, and a criminal forfeiture money judgment amount of $107,000,000 for the conspiracy, Count 1, and $1,420,000 for Counts 10, 11, 13, and 14. *United States v. Beecroft*, 825 F.3d 991, 994-95 (9th Cir. 2016).

2. The Ninth Circuit upheld all the district court's decisions, including the criminal forfeiture money judgment of $1,420,000 for the substantive counts but decided the criminal forfeiture money judgment amount of $107,000,000 for the conspiracy violated the Eighth Amendment. *Id*. at 999-1002. The Ninth Circuit vacated the $107,000,000 criminal forfeiture money judgment and remanded to the district court to reconsider the appropriate forfeiture amount for the conspiracy. *Id*. at 1002.

3. After the remand and before the government and Beecroft litigated the *Bajakajian* analysis and the Eighth Amendment, the United States Supreme Court decided *Honeycutt v. United States*, 581 U.S. 443 (2017). The Ninth Circuit subsequently interpreted *Honeycutt* in *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021) and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021). These three cases dictate the criminal forfeiture money judgment amount as to Beecroft.

4. The parties agree to compromise the criminal forfeiture money judgment amount to avoid further costs, expenses, and the risks of litigation. Because of the long negotiations with Beecroft in this case and abiding by those negotiations, the parties stipulate the criminal forfeiture money judgment amount is $317,989.

5. Beecroft knowingly and voluntarily agrees the criminal forfeiture money judgment of $317,989 is illegally obtained fraudulent proceeds Beecroft obtained, acquired, and personally possessed from her conspiracy count and substantive four counts in this case and is criminally forfeited as illegal proceeds under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p).

6. Beecroft knowingly and voluntarily agrees to the criminal forfeiture money judgment of $317,989, not to be held jointly and severally liable with any codefendants.

7. Beecroft knowingly and voluntarily agrees to the district court imposing the criminal forfeiture money judgment of $317,989, not to be held jointly and severally liable with any codefendants.

8. Beecroft knowingly and voluntarily agrees the criminal forfeiture money judgment of $317,989 complies with *Honeycutt, Thompson, and Prasad*.

9. Beecroft knowingly and voluntarily waives her rights to any civil judicial forfeiture proceedings, any criminal forfeiture proceedings, and any appellate proceedings regarding the criminal forfeiture money judgment (proceedings).

10. Beecroft knowingly and voluntarily waives any service of process of any documents filed in this action and any proceedings concerning the criminal forfeiture money judgments arising from the facts and circumstances of this case.

11. Beecroft knowingly and voluntarily waives any further notice to Beecroft, her agents, and her attorney regarding any proceedings concerning the criminal forfeiture money judgment of $317,989 arising from the facts and circumstances of this case.

12. Beecroft knowingly and voluntarily agrees not to file any claim, answer, petition, appellate brief, and any other documents in any proceedings concerning the criminal forfeiture money judgment of $317,989.

13. Beecroft knowingly and voluntarily agrees to withdraw immediately any claim, answer, petition, appellate brief, and any other documents in any proceedings concerning the criminal forfeiture money judgment of $317,989.

14. Beecroft knowingly and voluntarily agrees not to contest and agrees not to assist any other person or entity to contest the criminal forfeiture money judgment of $317,989.

15. Beecroft knowingly and voluntarily waives the statute of limitations, laches, lenity, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, the forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the criminal forfeiture money judgment of $317,989, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the criminal forfeiture money judgment of $317,989, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution.

16. Beecroft knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the criminal forfeiture money judgment of $317,989 in any proceedings, including, but not limited to, a court hearing under the Sixth Amendment to the United States Constitution.

17. Beecroft knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the criminal forfeiture

money judgment of $317,989 in any proceedings, including, but not limited to, excessive fines and cruel and unusual punishments under the Eighth Amendment to the United States Constitution.

18.     Beecroft knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the criminal forfeiture money judgment of $317,989 in any proceedings under *Honeycutt, Thompson, and Prasad*.

19.     Beecroft knowingly and voluntarily agrees to the entry of an Order of Forfeiture with the criminal forfeiture money judgment of $317,989 to the United States.

20.     Beecroft knowingly and voluntarily waives the right to appeal any Order of Forfeiture in this case.

21.     Beecroft knowingly and voluntarily agrees the criminal forfeiture money judgment of $317,989 is immediately due and payable and is subject to immediate collection by the United States.

22.     Beecroft knowingly and voluntarily agrees and understands the criminal forfeiture money judgment of $317,989 shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, and any other penalty the district court imposed on Beecroft in addition to the forfeiture.

23.     Beecroft knowingly and voluntarily agrees to take all steps as requested by the United States Attorney's Office for the District of Nevada (USAO) to pass clear title of any forfeitable assets which may be used to satisfy the criminal forfeiture money judgment of $317,989 to the United States and to testify truthfully in any judicial forfeiture proceedings. Beecroft knowingly and voluntarily agrees and understands she shall provide the USAO with a full and complete financial disclosure statement under penalty of perjury within 10 days of executing this Stipulation for Entry of Order of Forfeiture (Stipulation). The financial statement shall disclose to the USAO all assets and financial interests valued at more than $500. Beecroft knowingly and voluntarily agrees and understands these assets and financial interests include all assets and financial interests that Beecroft has an interest, direct or indirect, whether held in her name or in the name of another person, trust, or

entity, in any real or personal property. Beecroft shall also identify all assets valued at more than $500 that she has transferred or diverted directly or indirectly to third parties, including the location of the assets and the identity of any third party, including partner and spouse.

24. Beecroft knowingly and voluntarily agrees and understands she cannot discharge the criminal forfeiture money judgment in bankruptcy because it arose from her criminal conviction of fraud.

25. Beecroft knowingly and voluntarily agrees and understands that on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(b)(2)(A) and (C) and 32.2(e).

26. Beecroft knowingly and voluntarily acknowledges the amount of the forfeiture will differ from the amount of restitution.

27. Beecroft knowingly and voluntarily agrees to the conditions set forth in this Stipulation.

28. Beecroft knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the United States Internal Revenue Service, the Las Vegas Metropolitan Police Department, their agencies, their agents, and their employees from any claim made by her or any third party arising from the facts and circumstances of this case.

29. Beecroft knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the United States Internal Revenue Service, the Las Vegas Metropolitan Police Department, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Beecroft now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

30. Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

31. This Stipulation contains the entire agreement between the parties.

32. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

33. The persons signing this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the persons and entities, on whose behalf they are signing, to the terms of this Stipulation.

34. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

35. Each party shall bear her or its own attorneys' fees, expenses, interest, and costs.

36. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1     IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was
reasonable cause for the seizure and forfeiture of the property.

Corey Reade Dows & Shafer

/s/ Angela Dows
_____
ANGELA DOWS
Counsel for Melissa R. Beecroft
DATED: 4/25/2023

Melissa Usatenko
_____
MELISSA R. BEECROFT
MELISSA USATENKO (mu)
DATED: 4/25/2023

JASON M. FRIERSON
United States Attorney

_____
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

DATED: _____

IT IS SO ORDERED:

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

DATED: _____

7

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

Corey Reade Dows & Shafer

| | |
|---|---|
| ANGELA DOWS<br>Counsel for Melissa R. Beecroft | MELISSA R. BEECROFT |
| DATED: _____ | DATED: _____ |
| | JASON M. FRIERSON<br>United States Attorney |
| | /s/ Daniel D. Hollingsworth<br>DANIEL D. HOLLINGSWORTH<br>Assistant United States Attorney |
| | DATED:   August 3, 2023 |

IT IS SO ORDERED:

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

DATED: August 7, 2023